IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID L. MICHAEL,

       Petitioner,

   v.

JEFF PREMO,

       Respondent.

Case No. 6:15-cv-00333-BR

**OPINION AND ORDER**

NELL BROWN
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

     Attorney for Petitioner

Ellen F. Rosenblum
Attorney General
SAMUEL A. KUBERNICK
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

     Attorneys for Respondent

BROWN, Judge.

Petitioner is currently in the custody of the Oregon Department of Corrections. He brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Petitioner's Habeas Corpus Petition (ECF No. 2) is DENIED, and this case is DISMISSED.

## BACKGROUND

In May 2006, a Washington County grand jury charged Petitioner with three counts of first-degree unlawful sexual penetration, and seven counts of first-degree sexual abuse. One count of sexual abuse in the first degree involved Petitioner's step-daughter ("B.C."), and the remaining counts involved the step-daughter's friend ("S.D."). Resp't Exs. (ECF No. 25) 101-102; Trial Tr. at 9-11. The case was tried to a jury, during which the state dismissed three counts, and the trial court granted Petitioner's Motion for Judgment of Acquittal as to the count involving B.C. The jury convicted Petitioner of four counts of first-degree sexual abuse of S.D. Washington County Circuit Court Case No. C061347CR; Resp't Ex. 101; Trial Tr. (ECF No. 27) at 525.

The trial court sentenced Petitioner to a total of 120 months incarceration, followed by a period of post-prison supervision. Resp't Ex. 101. Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v.*

*Michael*, 224 Or. App. 688, 200 P. 3d 181 (2008), *rev. denied*, 346 Or. 116 (2009). He then sought post-conviction relief ("PCR"). Following a hearing, the PCR court denied relief. Marion County Circuit Court Case No. 10C19080. On appeal, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *Michael v. Premo*, 262 Or. App. 238, 327 P. 3d 572 (2014), *rev. denied*, 356 Or. 516 (2014).

On February 25, 2015, Petitioner filed his Petition for Writ of Habeas Corpus in this Court. Pet. (ECF No. 2). Petitioner alleges the following grounds for relief:

Ground One: Denial of Due Process Under the 14th Amendment.
Supporting Facts: Petitioner was convicted after testimony from a doctor who stated he diagnosed the victim as being a sexual abuse victim. The doctor's diagnosis was based solely upon his interview with the victim. There was no cooborating [*sic*] physical evidence, which amounted to improper vouching.

Ground Two: Ineffective Assistance of Appellate Counsel For Failing to Raise Claim Stated in Ground One.

Ground Three: Ineffective Assistance of Post-Conviction Counsel 6th Am.
Supporting Facts: The U.S. Supreme Court has suggested that the 6th Amendment contains a right to effective collateral counsel in first tier post-conviction proceedings. Martinez v. Ryan, 132 S. CT 1309, at 1315. [*sic*]. Therefore post-conviction counsel was ineffective for failing to assign error to appellate counsel's failure as alleged in Ground 2, above.

*Id.* at 6-7.

Respondent argues all relief should be denied because Petitioner procedurally defaulted the claims alleged in Grounds

One and Two, and Ground Three does not state a cognizable claim for relief. Resp't Resp. (ECF No. 23) at 7.

In his Sur-reply, Petitioner states his "sole claim for relief in this proceeding is that it was ineffective for his appellate counsel not to raise on direct appeal the preserved, promising (and eventually prevailing) challenge...to Dr. Little's diagnosis testimony that S.D. had been sexually abused." Pet'r's Sur-Reply (ECF No. 54) at 1. Although Petitioner concedes Ground Two is procedurally defaulted, he claims cause and prejudice excuse the default, or, in the alternative, that justice requires this Court to review the merits because he is actually innocent. Pet'r's Sur-Reply at 1; Pet'r's Br. in Supp. (ECF No. 40) at 24-30.

## DISCUSSION

As a preliminary matter, this Court finds Petitioner has failed to sustain his burden of demonstrating entitlement to relief on his un-argued Grounds One and Three. *See Mayes v. Premo*, 766 F.3d 949, 957 (9th Cir. 2014) (finding habeas petitioner bears the burden of proving his case).

As for Ground Two, Petitioner argues his procedural default is excused under *Martinez v. Ryan*, 566 U.S. 1 (2012). In *Martinez*, the Supreme Court held that where the procedural default results from ineffective assistance of PCR counsel, a federal habeas court is not barred from hearing a substantial claim of ineffective assistance at trial...." *Id. at* 17; *but see*,

*Davila v. Davis*, 137 S. Ct. 2058 (2017) (holding ineffective assistance of post-conviction counsel does not provide cause to excuse the procedural default of ineffective assistance of appellate counsel claims). A substantial claim is one that has "some merit." *Martinez*, 566 U.S. at 14.

Petitioner's Ground Two does not meet the *Martinez* exception, because it is a claim of ineffective assistance of appellate counsel, not trial counsel. Moreover, Petitioner fails to demonstrate that the underlying claim (that appellate counsel was ineffective for failing to assign error to the trial court's admission of Dr. Little's diagnosis testimony) is a substantial one.[1]

Petitioner's alternative argument is that this Court should reach the merits of Ground Two because he is actually innocent. A colorable claim of actual innocence may serve as a gateway through which a petitioner may pass to overcome a procedural

---

[1] In a declaration submitted to the PCR court, Petitioner's appellate counsel explained that he did not raise this issue on appeal "because the prevailing case law at the time stood for the proposition that a diagnosis for sexual abuse by a physician was admissible." Resp't Ex. 121. To be sure, at the time of Petitioner's trial in 2007, and his appeal in 2009, Oregon law permitted a medical expert to testify that a child had been sexually abused, even in the absence of physical evidence. *See Gresser v. Franke*, 2014 WL 1155229, *7 (D. Or. Mar. 20, 2014) (citing *State v. Wilson*, 121 Or. App. 460, 462-67 (1993), *aff'd*, 628 Fed. Appx. 960 (9th Cir. 2015). Soon thereafter, the Oregon Supreme Court held that a medical diagnosis of child sexual abuse was inadmissible absent corroborating physical findings. *State v. Southard*, 347 Or. 127 (2009). However, prior to *Southard*, a challenge to the trial court's admission of Dr. Little's diagnosis testimony would not have been successful.

default. *Schlup v. Delo*, 513 U.S. 298, 315 (1995). To establish a colorable claim of actual innocence, a petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. The new evidence must be so significant that when all of the evidence is viewed together, it becomes more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013).

Here, Petitioner purports to offer "new evidence" in the form of two affidavits from investigators who recently contacted S.D. and B.C. According to one affidavit, B.C. maintains that Petitioner never sexually abused her, and that she believes Petitioner could not have molested S.D. in her bedroom without her hearing Petitioner enter the room. Pet'r's Ex. (ECF No. 40) C. The other affidavit states that when the investigator told S.D. that B.C. still claims Petitioner did not sexually abuse her,

> S.D. responded by saying, "that's too bad" and that she would not "back down" from her trial testimony. S.D. then noted that she waited through three trial continuances and had considered "giving up the case" because she did not really care whether the case went forward, but, when she heard B.C. was saying nothing happened, she felt like she had to push through for B.C. S.D. then explained that she (S.D.) had been abused by her own brother for five years and knew what it was like to be a victim of abuse by a family member. She noted that her brother had admitted to abusing her so she did not have to go through a trial for that

case. S.D. realized that B.C. had to live in the same house as her stepfather and she could not let B.C. continue to be molested. At the time of trial, S.D. stated that she felt as if someone had to speak up for B.C. S.D. admitted that she does not actually know what happened to B.C. and that she has never talked to B.C. about the allegations, but that she had heard that there was a sleepover at which B.C. told her friends that her stepfather had molested her. S.D. believes B.C.'s mother talked her into believing it did not happen because B.C.'s mother did not want to lose her husband, [Petitioner]. S.D. expressed frustration that B.C. was still not standing up for herself, and added that, due to her own experiences in life, she had, at one time, hoped to be a lawyer for abused children because she wanted to be their voice.

Pet'r's Ex. D.

Petitioner argues this is "new" evidence that "would have made a difference because [it] answers the central question the defense was unable to answer at trial: why would S.D. lie?" Pet'r's Sur-Reply at 15-16. According to Petitioner, the answer supplied by this affidavit is, "S.D. lied to protect her best friend," and to "be the advocate and voice for B.C. that she wished someone had been for her." *Id.*

Although the jury was not told that S.D. believed Petitioner sexually abused B.C., they heard detailed testimony from guests who attended a slumber party at B.C.'s house who reported that B.C. tearfully told them about how Petitioner entered her room at night and made her uncomfortable. The jury heard that the guests called their mothers and left in the middle of the night, and that one of the mothers contacted the police. The jury heard B.C. testify that she told the police the guests misunderstood her, and that Petitioner had not sexually abused her.

The jury heard S.D. testify that while she was staying with B.C., Petitioner entered B.C.'s bedroom two nights in a row and touched her breasts and vagina while she pretended to sleep. On the third night, S.D. locked the bedroom door to prevent Petitioner from entering again. B.C. corroborated S.D.'s testimony regarding the door being locked. Finally, as relevant here, the jury heard that S.D. had been sexually abused by her brother from age five to age ten. Trial counsel even questioned S.D. about her mental health treatment for this abuse, and asked if it was possible she hallucinated or imagined the abuse by Petitioner due to her past trauma.

Assuming, without deciding, that the substance of the affidavit qualifies as "new" evidence, this Court does not concur that it proves S.D. lied at trial, or that, more likely than not, no reasonable juror viewing all this evidence together would have convicted Petitioner.

## CONCLUSION

Based on the foregoing, Petitioner's habeas corpus petition (ECF No. 2) is DENIED, and this proceeding is DISMISSED. The Court declines to issue a Certificate of Appealability.

IT IS SO ORDERED.

DATED this 7th day of November, 2017.

Anna J. Brown
United States Senior Judge
District of Oregon